## VALLIER V. BRAKKE.

This court will not consider, and therefore will not allow a rehearing for the discussion of, the constitutionality of a law in a respect or particular not affecting the controversy to be decided.

(Syllabus by the Court.   Opinion Filed Oct. 17, 1895.)

On rehearing.   Denied.

For former opinion, see 64 N. W. 180.

*F. D. Gay* and *U. S. G. Cherry*, for appellant and petitioner.

*H. H. Keith* and *Powers & Adams,* for respondent *contra.*

KELLAM, J.   Respondent files a petition for rehearing of this case, the opinion of which is reported in 64 N. W. 180. He desires to discuss two propositions:  First, the interpretation of the statute known as the "Australian Ballot Law"; and, second, the constitutionality of the law itself, so far as it denies the right of an elector to write the name of any candidate for whom he desires to vote upon his ballot.

The first question was thoroughly considered and discussed in our former opinion, and, after further examination and reflection, suggested by the earnest and able argument of respondent, we adhere to the views and conclusions heretofore expressed.   We still believe it was the intent and plan of that law to provide a plain and definite means by which the voter should mark his ballot, and clearly indicate the candidate for whom he intended to vote.   It adopted a system, and it is not left to the individual voter to follow such system, or to decline to follow it, as he chooses.   So far as the intent of the voter is involved, the intent is to be indicated substantially in the manner provided in and directed by the statute.   If this is not so,

and the question is only as to the intention of the voter, then he
may indicate such intention by writing on his ballot, "Without
stopping to mark this ballot as directed by the law, I intend by
it to vote the straight Republican ticket from top to bottom,"
or any other words which clearly show his intention. We do
not believe the law was intended to be so construed, and we do
not so construe it.

The constitutional question discussed by respondent is en-
tirely an abstract one. There are no facts in this case which
make it a practical question. The voter whose ballot is in
question was not denied the right or privilege of voting for the
candidate of his choice. The name of the candidate for whom
he attempted to vote was printed on the ballot, and the law
plainly told him and all others how the ballot should be marked
to be and constitute a vote for such candidate. The voter de-
clined to so mark it, but instead wrote the name of such candi-
date on another ticket than the one on which it was printed.
If he might do this as to one candidate, he could as to all, and
the ballot, when so completed, would not even remind one of
a ballot under the Australian law. What the rights might be
of an elector who desired to vote for some person not a nomi-
nated candidate, and whose name, therefore, does not appear
on any ticket, is a question we are not called upon to discuss,
for the facts here present no such case. Sanner v. Patton (Ill.)
40 N. E. 290, is cited by respondent as sustaining the right of
the elector to write on his ticket the name of a person for whom
he wishes to vote, but the statute of that state expressly author-
izes him so to do, and in its opinion the court points out and
quotes the very section giving such right; and under such con-
ditions the court simply held that "voters are not confined to
the names printed on the official ballot, but may write thereon
the name of any person for whom they wish to vote, and vote
for such person." There is no such provision in our law, and
if there were, the facts in this case do not present any such
question as was presented and decided in the Illinois case.

People v. Shaw, (N. Y.) 31 N. E. 512, is equally inapplicable to any question presented by the facts in this case. There the law itself, as in Illinois, expressly permitted the voter to "write or paste upon his ballot the name of any person for whom he desires to vote," and the court held that "it is no objection to counting a vote that the person voted for was not regularly placed in nomination, and that his name did not appear on any official ballot." The same is true in Bowers v. Smith (Mo.) 17 S. W. 761. The court said, "The Missouri voter is still at liberty to write on his ballot other names than those which may be printed there," and the reason for so holding is immediately given. It is because "the statute recognizes this right by requiring blanks for such writing next the printed names." But, even if this were not so, the case would not touch the question we have in hand. There the question was as to the right of an elector to vote for a person whose name did not appear on the printed ballot. Here the question is how, as between several candidates, all of whose names are printed on the ballot, the elector may properly designate the one for whom he desires to vote. Here the elector was not denied the right of voting for whomsoever he chose, but was simply required to exercise that right in the manner prescribed by the statute. We are unable to see how or wherein any constitutional question is involved. The petition for rehearing is denied.