LEROY MARTIN, APPELLEE, v. WILLIAM P. MILES, APPELLANT.

FILED JANUARY 21, 1896.   No. 7776.

Elections: MANNER OF MARKING BALLOTS. The provision of section 20, act of 1891 ("Australian Ballot Law"), for the expressing of the voter's intention by a mark opposite the name of·the candidate of his choice, is mandatory, and the manner thus prescribed is exclusive of all others; and such is the rule whether the names of candidates be printed on the ballot or written thereon by the voter.

APPEAL from the district court of Cheyenne county. Heard below before NEVILLE, J.

The opinion contains a statement of the case.

*William P. Miles, George W. Heist,* and *Henry St. Rayner,* for appellant:

The fifty-three ballots having no mark opposite the name

of appellee should not have been counted for him. (*State v. Stein*, 35 Neb., 859; *Spurgin v. Thompson*, 37 Neb., 39; *Grant v. McCallum*, 12 Can. L. J., 113; *Woodward v. Sarsons*, 32 L. T. R., n. s. [Eng.], 867; *Cameron v. Maclennan*, 11 Can. L. J., 163; *Dionne v. Gagnon*, 9 Queb. L. R., 20; *Haswell v. Stewart*, 1 C. S., 4th series [Scot.], 925; *Robertson v. Adamson*, 3 C. S., 4th series [Scot.], 978; *Parvin v. Wimberg*, 30 N. E. Rep. [Ind.], 790; Wigmore, Australian Ballot System, 191–193; *Hawkins v. Smith*, 8 Can. Sup. Ct., 676; *Sherwood v. State Board of Canvassers*, 129 N. Y., 409.)

*Coffin & Stone*, also for appellant.

*H. D. Rhea, contra,* cited: *State v. Russell*, 34 Neb., 116; *Kreitz v. Behrensmeyer*, 17 N. E. Rep. [Ill.], 232; *Daggett v. Hudson*, 54 Am. Rep. [O.], 832; *Kellogg v. Hickman*, 21 Pac. Rep. [Colo.], 325; *State v. Nicholson*, 102 N. Car., 465; *Brown v. McCollum*, 76 Ia., 479; *Fenton v. Scott*, 17 Ore., 189.

POST, C. J.

This case was before us on a former appeal, resulting in a reversal of the judgment of the district court for Cheyenne county, in favor of Martin, the contestant, for the office of county attorney for said county. (*Martin v. Miles*, 40 Neb., 135.) It will be observed from the opinion cited that the judgment of this court was based upon the ruling of the district court in receiving in evidence over the objection of the contestee, Miles, the original ballots cast at election in question, to-wit, the general election for the year 1892. It was there said, following *Albert v. Twohig*, 35 Neb., 563, that the ballots having been so placed that they might without difficulty have been tampered with by interested parties, were inadmissible in the absence of proof that they were in the same condition as when sealed up by

the several election boards. Since the remanding of the
cause to the district court a trial has been had therein, re-
sulting also in a judgment for the contestant, and from
which the contestee has appealed to this court.

It is on this appeal strenuously insisted by counsel for
Miles, the unsuccessful party below, that the proof is in-
sufficient to overcome the presumption against the ballots
and that the district court a second time erred in receiving
them in evidence. We will not, however, examine that
subject, but assume the objection to have been rightly over-
ruled, since there is another question prominently men-
tioned in the briefs of the respective parties, which is nec-
essarily decisive of the controversy.

According to the finding of the district court there were
cast for Martin, the contestant, 503 votes, and for Miles,
the contestee, 474 votes, or a majority of 29 in favor of
the former. Counsel agree that the foregoing statement
includes 53 ballots counted for the contestant, on which his
name appeared written under the appropriate head, but
containing no mark opposite his name, or any means of
indicating the choice of the respective votes other than the
writing of contestant's name, which, for reasons foreign to
the question under discussion, was not printed on the offi-
cial ballots. We think the ballots thus described should
have been rejected. True, section 13 (Session Laws, 1891,
p. 245, ch. 24) of the Australian ballot law, among other
things, provides that "Nothing in this act contained shall
prevent any voter from writing on his ballot the name of
any person for whom he desires to vote for any office, and
such vote shall be counted the same as if printed upon the
ballot and marked by the voter." (Compiled Statutes, sec.
138, ch. 26.) The section from which the foregoing is
quoted is apparently intended to define and provide for
the furnishing of official ballots, and must be construed in
connection with the other provisions of the act. Turning
to section 20 (Session Laws, 1891, p. 251, ch. 24), which

prescribes the manner of voting, we observe the following language: "The elector shall then forthwith proceed alone into a compartment, if one be then unoccupied, and shall prepare his ballot by marking in the appropriate margin or place a cross (x) with ink opposite the name of the candidate of his choice for each office to be filled, or by filling in with ink the name of the candidate of his choice in the blank space provided therefor, and marking a cross (x) with ink opposite thereto." (Compiled Statutes, sec. 145, ch. 26.)   Paragraph 7 of schedule B, entitled "Forms of Cards of Instruction for the Guidance of Voters," which is a part of said act, and required to be posted in all booths or compartments provided for marking ballots, reads as follows: "If you wish to vote for any person whose name does not appear upon the ballot, write or insert his full name in the blank space on the ballot under the proper office you wish him to hold, and make a cross mark in the proper margin opposite the same." (Session Laws, 1891, p. 260, ch. 24.)

We are referred to the case of *State v. Russell*, 34 Neb., 116, in support of the contention that the provision for expressing the choice of the voter by a mark opposite the name of candidates is not essential to a fair election, and should therefore be regarded as directory only. But that case does not, we think, sustain the claim of counsel. It is, on the contrary, there said that "Courts have uniformly held that when the statute expressly, or by fair implication, declares an act to be essential to a fair election, or that an act shall be performed in a given manner and no other, such provisions are mandatory and exclusive." It cannot be doubted from a reading of the several provisions of the Australian ballot law that the manner of voting therein prescribed, by a cross (x) or its equivalent, is exclusive of all others. Such appears to have been one of the principal inducements for the abolition of the former system in order to promote the express purpose of the act,

viz., the independence of the voter. Adjudications directly in point are not numerous, but the views here expressed harmonize with the decided weight of judicial expression, if indeed there exists any diversity of opinion on the subject. (*State v. Stein*, 35 Neb., 848; *Sego v. Stoddard*, 36 N. E. Rep. [Ind.], 204; *Parvin v. Wimberg*, 30 N. E. Rep. [Ind.], 790; *Sanner v. Patton*, 40 N. E. Rep. [Ill.], 290; *In re the Vote Marks*, 17 R. I., 812; *Curran v. Clayton*, 86 Me., 42; *Vallier v. Brakke*, 64 N. W. Rep. [S. Dak.], 180, 64 N. W. Rep., 1119.)

Rejecting the 53 votes erroneously counted, the result is 450 votes for Martin and 477 for Miles, or a majority of 27 votes in favor of the latter. It follows that the judgment of the district court must be reversed and the cause remanded for trial *de novo*.

REVERSED.